IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTT NELSON,

                    Petitioner,

          v.                            CASE NO.  08-3083-RDR

UNITED STATES OF AMERICA,
et al.,

                    Respondents.

O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2241, was filed pro se and the filing fee was paid by an inmate of Federal Prison Camp, Leavenworth, Kansas.  Having examined the Petition, the court finds as follows.

On January 28, 2002, Mr. Nelson was convicted upon his plea of guilty of drug offenses in the United States District Court for the Northern District of Iowa and sentenced to 168 months in prison.  The sentence imposed included an order to pay a fine of $20,000.  Mr. Nelson did not directly appeal his convictions or sentence, and alleges his attorney failed to file a direct appeal "as promised."  He filed a motion pursuant to 28 U.S.C. § 2255 in the sentencing court, in which he claimed ineffective assistance of counsel.  The motion was denied as barred by the statute of limitations.  Petitioner appealed the denial to the Eighth Circuit Court of Appeals, which affirmed in 2006.

In the present case, petitioner first claims the sentencing court "erroneously" ordered him to pay the fine without considering

his overall ability to pay "as required by law."  He next claims
ineffective assistance of counsel based upon the allegation that
his counsel knew of his inability to pay but "failed to challenge
the $20,000.00 fine" imposed at sentencing.

This court has no jurisdiction under 28 U.S.C. § 2241 to
consider either claim.   A United States District Court is
authorized to grant a writ of habeas corpus to a prisoner "in
custody in violation of the Constitution or laws or treaties of the
United States."  28 U.S.C. § 2241(c)(3).  Section 2241 embodies the
traditional habeas corpus remedy, allowing an inmate to
collaterally attack his confinement.  See United States v. Hayman,
342 U.S. 205, 211-13 (1952).[1]  However, to the extent petitioner
seeks modification of an order to pay a fine in a federal criminal
proceeding in another judicial district court, his request must be
addressed to that court either through a direct appeal or through
any appropriate post-conviction motion.   Section 2241 does not
provide petitioner with an alternative route for obtaining federal
review of his claims.  The Supreme Court has "long and consistently
affirmed that a collateral challenge may not do service for an

---

[1]      Although Congress enacted 28 U.S.C. § 2255 to provide a remedy which
"supplants habeas corpus, unless it is shown to be inadequate or ineffective to
test the legality of the prisoner's detention," Williams v. United States, 323
F.2d 672, 673 (10th Cir. 1963), cert. denied, 377 U.S. 980 (1964), courts have
found that remedy does not afford relief where a challenge to the legality of a
restitution order does not encompass a claim of entitlement to release.  See
e.g., Kaminski v. United States, 339 F.3d 84 87 (2nd Cir.)(citing cases), cert.
denied, 540 U.S. 1084 (2003); and U.S. v. Bernard, 351 F.3d 360, 361 (8th Cir.
2003)(citing cases), cert. denied, 541 U.S. 1000 (2004); see also U.S.
Satterfield, 218 Fed.Appx. 794, 796 (10th Cir. Feb. 28, 2007)(citing Bernard);
and United States v. Porter, 2007 WL 2490913 (D.Kan. Aug. 30, 2007)(no
jurisdiction under 28 U.S.C. § 2255 to grant prisoner's request for correction
of amount of restitution, noting limited statutory provisions in 18 U.S.C. §
3664(k) that allow amendment of a restitution order).

appeal."   <u>United States v. Frady</u>, 456 U.S. 152, 165 (1982).

Additionally, the present application does not fall within the plain language of 28 U.S.C. § 2241 because petitioner is not seeking relief on allegations that "he is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   While this court has jurisdiction under § 2241 over the execution of petitioner's confinement within its judicial boundaries, it is patently obvious that this court has no jurisdiction to alter sentencing orders entered in a criminal case in another judicial district.

Finally, because petitioner makes no showing that the remedy afforded under 28 U.S.C. § 2255 is inadequate or ineffective to consider petitioner's allegations of ineffective assistance of counsel, this court has no jurisdiction under § 2241 to consider any such claim.   The fact that petitioner's motion under § 2255 was denied as untimely does not render that remedy "inadequate or ineffective."

The court thus directs petitioner to show cause why this action should not be dismissed without prejudice because this court lacks jurisdiction under § 2241 to consider his claims.   The failure to file a timely response may result in the petition being dismissed for the reasons stated herein, and without further notice to petitioner.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days from the date of this order to show cause why this petition for writ of habeas corpus under 28 U.S.C. § 2241 should

not be dismissed without prejudice for lack of jurisdiction.

      IT IS SO ORDERED.

      DATED:  This 18th day of April, 2008, at Topeka, Kansas.


<u>s/RICHARD D. ROGERS</u>
United States District Judge

4